IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| FB SELECT, LLC., a New York limited liability company,<br><br>    Plaintiff,<br><br>v.<br><br>**OCEAN BLUE TRADING, LLC.,** a New York Limited Liability Company, **JOHN DOES 1-10,** individually or as corporations / business entities,<br><br>    Defendants. | **Application DENIED without prejudice to renewal at the initial conference.**<br>**SO ORDERED.**<br>**Dated: 11/12/2024**<br><br>Case No.: 1:24-cv-08425<br><br>*/s/ P. Kevin Castel*<br>P. Kevin Castel<br>United States District Judge |

### PLAINTIFF'S MOTION FOR LEAVE TO ISSUE DISCOVERY PRIOR TO RULE 26(F) CONFERENCE

Pursuant to Fed. R. Civ. P. 26(d)(1), Plaintiff FB Select, LLC., d/b/a Front Row Group ("Plaintiff" or "Front Row"), hereby moves for entry of an order granting it leave to serve discovery on Defendant Ocean Blue Trading, LLC. ("Defendant" or "Ocean Blue") prior to a Rule 26(f) conference (the "Motion"), and submits the following memorandum in support, as well as the supporting declarations of Rob Segall, Esq. and Adam Furman of Front Row.

### MEMORANDUM OF LAW

I.    **INTRODUCTION**

Plaintiff seeks leave to serve limited and immediate discovery on Defendant Ocean Blue, prior to the Rule 26(f) conference, to ascertain the identies of the John Doe Principals of Defendant Ocean Blue, as well as the identities of the additional John Doe Defendants who are the Suppliers of the unauthorized Klaire Products to Defendant Ocean Blue.

As fully asserted in the Plaintiff's Complaint, DE 3, Defendant Ocean Blue's Suppliers are supplying large quantities of unauthorized Klaire Products in violation of their Supplier Agreements to Ocean Blue for unauthorized resales. Front Row is the exclusive distributor for the Klaire Products manufactured by Soho Flordis International ("SFI") under the Klaire Labs Brand ("Klaire") on the Amazon platform. SFI/Klaire has designated Front Row as its exclusive distributor on the Amazon platform and has further entrusted Front Row with monitoring and enforcing SFI / Klaire's intellectual property. SFI/Klaire has additionally authorized a select number of health care providers ("HCPs") to sell its health and wellness products ("Klaire Products"). The Supplier Agreements that the HCPs sign clearly and specifically put them on notice of the arrangement between SFI/Klaire and Front Row, and expressly prohibit selling to any Unauthorized Resellers.

The John Doe Defendants are HCPs who are breaching their Supplier Agreements with SFI/Klaire by selling to Unauthorized Resellers like Ocean Blue. These John Doe Defendants have caused SFI/Klaire to inadvertently breach its exclusivity agreement with Front Row because the Defendants supply Ocean Blue with Klaire Products; Ocean Blue, in turn, sells Klaire Products on Amazon, which only Front Row is authorized to do. SFI/Klaire has specifically imposed strict quality control requirements and customer service training on Front Row as its exclusive distributor to protect its reputation, brand, and customers; thus, discovering the identities of the John Doe Defendants who are supplying Unauthorized Resellers is of paramount importance and the only way that Plaintiff can perform its obligations under its Agreement with SFI / Klaire.

Plaintiff requests leave of the Court to serve a Rule 45 subpoena on Defendant Ocean Blue, which seeks the source identity of the Suppliers who, without authorization, supply Ocean Blue with its large quantities of Klaire Products, as well as the Principals of Ocean Blue who have been

hiding their identities. Plaintiff will use this information to revoke these Authorized Resellers' access to Klaire Products and their selling privileges so it can effectively perform its duty in monitoring and enforcing SFI / Klaire's intellectual property, as well as add them to these proceedings.

II.     ARGUMENT

Discovery is typically conducted after the parties confer during the Rule 26(f) conference. Fed. R. Civ. P. 26(d)(1). Any deviation from this rule requires a court order, which a court can issue upon a plaintiff's demonstration of good cause. *See Strike 3 Holdings, LLC v. Doe*, No. 1:24-cv-00641-GHW, 2024 U.S. Dist. LEXIS 26672, at *1 (S.D.N.Y. Feb. 15, 2024) (granting leave to serve a third-party subpoena prior to the Rule 26(f) conference because the plaintiff met the standard of reasonableness and good cause). Early discovery is particularly appropriate in situations where a plaintiff requires this discovery in order to identify defendants whose identities are unknown, and where the plaintiff has attempted and failed to discover the identities on its own. *See Digital Sin, Inc. v. Does 1-176*, 279 F.R.D. 239, 241 (S.D.N.Y. 2012) ("Plaintiff…appears to have no other way of obtaining the identities of the alleged infringers"). *See also Next Phase Distribution, Inc. v. Does 1-27*, 284 F.R.D. 165, 171-72 (S.D.N.Y. 2012) ("Because [the plaintiff]…cannot identify John Doe 1 without a court-ordered subpoena, the Court agrees that there is good cause to allow for early discovery").

Rather than apply a stringent test, "[t]he majority of courts in the Second Circuit apply the more flexible 'good cause' standard when evaluating motions for expedited discovery." *R.R. Donnelley & Sons Co. v. Marino*, 505 F. Supp. 3d 194, 209 (W.D.N.Y. 2020). "[I]n assessing good cause a court may take into account the standard necessary to establish entitlement to a preliminary injunction, including for instance whether there is some connection between the request for

expedited discovery and the avoidance of irreparable injury and any burdens associated with the expedited discovery in comparison to the potential injury to the moving party in the absence of expedited discovery." *Id.* at 210. *See Ayyash v. Bank Al-Madina*, 233 F.R.D. 325, 327 (S.D.N.Y. 2005) (granting the plaintiff's motion for expedited third-party discovery under the good cause standard). *See also Media Prods., Inc. v. Doe*, 2012 U.S. Dist. LEXIS 84111, at *1 (S.D.N.Y. June 12, 2012) ("The Court concludes that there is good cause to allow some expedited discovery in his case; without it, Plaintiff will not be able to ascertain the identities of the Doe defendants").

Courts in this circuit have found that good cause existed to order expedited discovery in analogous cases where plaintiffs have been unable to uncover the identities of anonymous defendants and have had to seek the assistance of the court. *See Cengage Learning v. Doe 1*, No. 18 cv-403 (RJS), 2018 U.S. Dist. LEXIS 239799, at *12 (S.D.N.Y. Jan. 17, 2018) ("[C]ourts in this District have found 'good cause' for expedited discovery to determine the identity of John Doe defendants where the plaintiff has stated a prima facie case and is unable to identify the defendants without a court-ordered subpoena") (quoting *Admarketplace, Inc. v. Tee Support, Inc.*, No. 13-cv-5635 (LGS), 2013 U.S. Dist. LEXIS 129749, 2013 WL 4838854, at *2 (S.D.N.Y. Sept. 11, 2013)). *See also John Wiley & Sons, Inc. v. Doe*, 2013 U.S. Dist. LEXIS 36359, at *14 (S.D.N.Y. Mar. 15, 2013) (permitting expedited discovery because the plaintiff could not identify the unknown defendants without a court order); *UN4 Prods. v. Doe*, No. 17-CV-3278 (PKC) (SMG), 2017 U.S. Dist. LEXIS 91582, at *6-8 (E.D.N.Y. June 14, 2017) (ordering expedited discovery because the plaintiff did not have alternative means for obtaining information about the defendants' identities, and because the information requested was crucial to the plaintiff's claims and the outcome of the case); *Mirza v. Doe*, 2021 U.S. Dist. LEXIS 193463, at *25 (S.D.N.Y. Oct. 6, 2021) (granting plaintiff's motion for expedited discovery in a defamation action because the plaintiff had

demonstrated good cause for the order and knowledge of the defendants' identities was crucial to moving the case forward).

Here, good cause exists for expedited discovery because the identities of the John Doe Defendants is highly relevant to the outcome of this case and will allow the Plaintiff to add parties to this cause of action to minimize the burden to the Court. There is a strong connection between Plaintiff's request for expedited discovery and the avoidance of further irreparable injury to Plaintiff; by compelling Defendant Ocean Blue to reveal the identities of the Suppliers who are supplying it with Klaire Products for resale, Plaintiff can then remove these Suppliers from its distribution network to prevent any further harm to the SFI/Klaire Brand, the reputations of SFI/Klaire and Front Row, and most importantly, their consumers. The John Doe Defendants' sales to Unauthorized Reseller Ocean Blue are highly indicative that they may be engaging in the same activity with other Unauthorized Resellers; thus, it is imperative that Plaintiff can perform its exclusivity obligations under its Agreement with SFI/Klaire and protect consumers against unlawful and unregulated sales.

Further, Plaintiff has no other means for obtaining information regarding the identities of the John Doe Defendants. Only Ocean Blue knows who its suppliers are for the high volume and breadth of Klaire Products. Ocean Blue has shown no willingness to communicate or compromise with Plaintiff, as evidenced by Plaintiff's numerous requests for this information in cease and desist letters, emails, and phone calls. Thus, expedited discovery is the only recourse Plaintiff has to discover the John Doe Defendants' identities and progress this case.

### III.   CONCLUSION

For the foregoing reasons, this Court should grant leave to Plaintiff to issue Rule 45 subpoenas to Defendant Ocean Blue Trading, LLC. to uncover the identity or identities of the Supplier(s) providing Ocean Blue with Klaire Products for resale in violation of SFI / Klaire's Agreement with its Suppliers. A proposed order is submitted concurrently with this Motion.

Dated: November 8, 2024　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　/s/ *Cory Jay Rosenbaum*

　　　　　　　　　　　　　　　　　　　　　(electronically signed)
　　　　　　　　　　　　　　　　　　　　　C.J. Rosenbaum, Esq
　　　　　　　　　　　　　　　　　　　　　Rosenbaum & Segall, P.C.
　　　　　　　　　　　　　　　　　　　　　780 Long Beach Blvd.,
　　　　　　　　　　　　　　　　　　　　　Long Beach, NY 11561
　　　　　　　　　　　　　　　　　　　　　CJR@AmazonSellersLawyer.com
　　　　　　　　　　　　　　　　　　　　　212-256-1109
　　　　　　　　　　　　　　　　　　　　　NYS Bar #2669133