```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
```
FB SELECT, LLC, a New York limited
liability company,

                      Plaintiff,                       24-cv-8425 (PKC)

         -against-                        OPINION AND ORDER

OCEAN BLUE TRADING, LLC, a New
York limited liability company, JOHN
DOES 1-10, individually or as corporations
/ business entities,

                      Defendants.
```
-----------------------------------------------------------x
```

CASTEL, U.S.D.J.

FB Select, LLC ("FBS") brings claims of false advertising under the Lanham Act, 15 U.S.C. § 1125(a), and tortious interference with contract or prospective business advantages against Ocean Blue Trading, LLC ("Ocean Blue").[1]

The present pleading is FBS's Third Amended Complaint, filed with leave of Court. (Minute Order of Jan. 13, 2025.) After the Third Amended Complaint was filed (ECF 24), Ocean Blue filed a six-page single-space letter pointing out the deficiencies in FBS's new pleading (ECF 25). Under the Court's Individual Practices, it was invited to seek further leave to amend.[2] The Court entered an Order as follows: "The Court read plaintiff's letter of February 25, 2025 (ECF 26) as disclaiming a desire to amend its complaint further in light of defendant's

---

[1] Mitchell Akerman was named as a defendant in the Second Amended Complaint but dropped in the Third Amended Complaint. There are John Doe defendants named in the Third Amended Complaint.

[2] Individual Practices at 3(A)(iv): "If a Pre-Motion Letter seeks to file a motion to dismiss, the party responding shall unambiguously state in the first paragraph whether he, she or it seeks leave to amend. The Pre-Motion Letter and response will be taken into account in deciding whether further leave to amend will be granted in the event the motion to dismiss is granted. Among other purposes, the Pre-Motion Letter and response enables the Court to set an appropriate briefing schedule and to explore whether the motion may be (a) obviated by an amendment to the pleadings or consent."

pre-motion letter. If this is not the case and plaintiff wishes to further amend, it shall advise the Court by March 11, 2025." (ECF 29; Order of March 6, 2025.) FBS did not respond to the Court's Order and Ocean Blue proceeded to file its motion to dismiss on the schedule set by the Court and on grounds substantially the same as identified in its pre-motion letter. After the motion was fully briefed, FBS sought to file a Fourth Amended Complaint. The motion to dismiss will be granted as to the Lanham Act claim, and the leave to further amend will be denied and the Court will direct further submissions on whether it should exercise supplemental jurisdiction.

BACKGROUND

The Court accepts the well-pleaded allegations of the Third Amended Complaint as true and draws all reasonable inferences in favor of FBS as the non-movant.

FBS asserts that it is "the exclusive distributor for products manufactured by Soho Flordis International ("SFI") under the Klaire Labs Brand on the Amazon platform." (ECF 24 at ¶ 7; footnote omitted.) The products included "L-Glutamine Powder" and "Micellized Vitamin A," dietary supplements. It alleges that Ocean Blue "willfully resell[s] illegally and fraudulently sourced Klaire Products on Amazon without any authorization from SFI." (Id. at ¶ 27.) There is no allegation that the products sold by Ocean Blue are counterfeit or other than genuine products of Klaire Labs Brand. Indeed, FSB alleges that "[t]he only plausible way Defendants could be obtaining the volume of products they are reselling is by purchasing them from one or more Authorized Sellers." (Id. ¶ 220.)

FBS asserts that Ocean Blue has engaged in false advertising in violation of section 43(a) of the Lanham Act, 15 U.S.C. §§ 1125(a). It also asserts that Ocean Blue has

induced authorized sellers to breach their agreements with SFI/Klaire and obtained product "by fraudulent means" amounting to tortious interference with FSB's contractual relationships.

RULE 12(b)(6) STANDARD.

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  A court assessing the sufficiency of a complaint must disregard legal labels or conclusions, which are not entitled to the presumption of the truth.  Iqbal, 556 U.S. at 678.  Instead, the court must examine only the well-pleaded factual allegations, if any, "and then determine whether they plausibly give rise to an entitlement to relief." Id. at 679.  "Dismissal under Rule 12(b)(6) is therefore appropriate only if 'it is clear from the face of the complaint, and matters of which the court may take judicial notice, that the plaintiff's claims are barred as a matter of law.'"  Michael Grecco Products, Inc. v. RADesign, Inc., 112 F.4th 144, 150 (2d Cir. 2024) (quoting Sewell v. Bernardin, 795 F.3d 337, 339 (2d Cir. 2015)).

DISCUSSION.

> I. The Complaint Does Not Plausibly Allege
> A False Advertising Claim Under the Lanham Act.

Section 43 of the Lanham Act provides in relevant part that:

> (1) Any person who, on or in connection with any goods. . .  uses in commerce any word, term, name, symbol, or device, or any combination thereof, or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which—
>   (A) is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person, or as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities by another person, or
>   (B) in commercial advertising or promotion, misrepresents the nature, characteristics, qualities, or geographic origin of his or her or another person's goods, services, or commercial activities,

shall be liable in a civil action by any person who believes that he or she is or is likely to be damaged by such act.

15 U.S.C. §§ 1125(a)(1)(A) & (a)(1(B).

As FBS acknowledges, "[t]o prevail on a Lanham Act false advertising claim, a plaintiff must establish that the challenged message is (1) either literally or impliedly false, (2) material, (3) placed in interstate commerce, and (4) the cause of actual or likely injury to the plaintiff." Church & Dwight Co. v. SPD Swiss Precision Diagnostics, GmbH, 843 F.3d 48, 65 (2d Cir. 2016). If the challenged statement is not literally false, a plaintiff may show that the statement is likely to mislead or confuse consumers. Johnson & Johnson * Merck Consumer Pharms. Co. v. Smithkline Beecham Corp., 960 F.2d 294, 297 (2d Cir. 1992). Under Iqbal, the pleader does not need to lay out the elements of a claim but must allege facts that plausibly "show" that the pleader is entitled to relief. Rule 8(a), Fed. R. Civ. P.

FBS's Third Amended Complaint does not plausibly allege that any statement of Ocean Blue was literally false because it does not challenge any particular statement about the product or its origins. It argues that the act of selling the product on Amazon was an impliedly false statement because it failed to affirmatively disclose that Ocean Blue had acquired the product from authorized sellers of the product who did not have the contractual right to resell it to Ocean Blue.

Ocean Blue's act of selling the product on Amazon did not impliedly represent anything about the identity of the party selling the product to Ocean Blue or of that seller's contractual responsibilities to SFI, Klaire Labs Brands or FBS. FBS argues that there was an implied representation that the manufacturer, Klaire Labs Brands, guaranteed the product, warranted the product or imposed contractual obligations on sellers of the product but that this

- 4 -

was true as to Klaire Labs Brands products sold by FBS. FBS notes that Klaire Labs Brands offers a 45-day satisfaction guarantee (Third Amended Complaint ¶ 132). But Ocean Blue made no statement on the subject. There is no allegation that a misleading statement was made to consumers by Ocean Blue because it omitted material information. See Register.Com, Inc. v. Domain Registry of America., Inc., 02 cv.6915 (NRB), 2002 WL 31894625, at *14 (S.D.N.Y. Dec. 27, 2002) ("According to the leading treatise on trademarks and unfair competition law, 'a failure to disclose facts is not actionable under [Lanham Act Section] 43(a),' unless the failure is relevant to an affirmative statement that is made false or misleading by its omission. McCarthy § 27:13."). Thus, no false statement to consumers, literal or implied, has been alleged.

The Lanham Act false advertising claims will be dismissed.

II.     Leave to Further Amend Will Be Denied.

Before the filing of defendant's motion to dismiss, this Court expressly gave FBS the opportunity to request to file a further amended pleading. (Order of March 6, 2025, ECF 29.) It elected not to do so despite its receipt of a six-page, single-space pre-motion letter outlining the basis for the motion to dismiss (ECF 25). Before deciding not to seek a further amendment, FBS was placed on notice that "The Pre-Motion Letter and response will be taken into account in deciding whether further leave to amend will be granted in the event the motion to dismiss is granted." (Individual Practices at ¶3(A)(iv).)

When Ocean Blue's motion was filed, FBS sought no further amendment. It responded to the motion and then Ocean Blue filed its reply. Only after it learned that a companion action by FBS was dismissed against a different seller,[3] did FBS seek leave to file a

---
[3] FB Select LLC v. Yogoboho Inc., 24-cv-9799(AS) (Order of July 7, 2025.)

Fourth Amended Complaint. It now seeks to add a false designation of origin claim under the Lanham Act, a common law unfair competition claim and a New York General Business Law § 379 claim. (ECF 38.) It also holds out hope that "the owner of all relevant intellectual property in this action <u>may consider</u> joining" the action. (ECF 38, Letter of July 28, 2025; emphasis added.)

FBS has filed six actions in this district since the filing of the present action before the undersigned.[4] FBS has informed this Court and at least two other judges that "[w]e remain committed to presenting a meritorious claim and ensuring full compliance with this Court's directives." (ECF 38.)[5] But, most respectfully, the judges of this district are not a testing laboratory to explore whether there is a theory of liability that can be found that will stick.

Leave to file a Fourth Amended Complaint at some unstated point in the future with perhaps an additional party plaintiff will be denied.

> III.   The Court Will Consider Submissions
>        <u>On Supplemental Jurisdiction.</u>

The only federal claim asserted against Ocean Blue is under the Lanham Act. FBS alleges that Ocean Blue has tortiously interfered with contracts, business relations and prospective economic advantages, a purely state law claim. There is no allegation of diversity jurisdiction. Ocean Blue is the only named and served party to the action.

---

[4] <u>FB Select, LLC v. Knotted Industries, LLC et al.</u>, 24-cv-08684 (LAK) (S.D.N.Y.); <u>FB Select, LLC v. JCGS LLC et al.</u>, 24-cv-08686 (DEH) (S.D.N.Y.); <u>FB Select LLC v. Zase Inc. et al.</u>, 24-cv-09147 (JPC) (S.D.N.Y.); <u>FB Select LLC v. Green Market Health Food LLC et al.</u>, 24-cv-09791 (RA) (S.D.N.Y.); <u>FB Select LLC v. Yogoboho Inc.</u>, 24-cv-09799 (AS) (S.D.N.Y.); and <u>FB Select LLC v. CY Ventures, LLC et al.</u>, 25-cv-01003 (NSR) (S.D.N.Y.).
[5] Letters with the identical sentence have been sent to Judge Abrams and Judge Ho.

A district court may decline to exercise supplemental jurisdiction if it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3); see also Kolari v. New York-Presbyterian Hospital, 455 F.3d 118, 122 (2d Cir. 2006). "Once a district court's discretion is triggered under § 1367(c)(3), it balances the traditional 'values of judicial economy, convenience, fairness, and comity,' . . . in deciding whether to exercise jurisdiction." Kolari, 455 F.3d at 122 (quoting Carnegie-Mellon University v. Cohill, 484 U.S. 343, 350 (1988)). "[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors . . . will point toward declining to exercise jurisdiction over the remaining state-law claims." Id. (quoting Cohill, 484 U.S. at 350 n.7).

The parties are directed to submit supplemental letter briefs within fourteen days on whether the Court should exercise supplemental jurisdiction over FBS's state law claims.

CONCLUSION

Ocean Blue's motion to dismiss the Third Amended Complaint is GRANTED as to the Lanham Act claim (First Cause of Action). Ocean Blue's time to answer the remaining state law claim is stayed pending further Order. Letter briefs are due on the exercise of supplemental jurisdiction in fourteen days.

SO ORDERED.

P. Kevin Castel
United States District Judge

Dated: New York, New York
July 31, 2025