UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
FB SELECT, LLC, a New York limited
liability company,

                      Plaintiff,                             24-cv-8425 (PKC)

        -against-                                     ORDER

OCEAN BLUE TRADING, LLC, a New
York limited liability company, et al. ,

                      Defendants.
-----------------------------------------------------------x

CASTEL, U.S.D.J.

        The Court addresses another submission by Ocean Blue Trading, LLC ("Ocean Blue") seeking leave to pursue sanctions against FB Select, LLC. ("FB Select"). It again misapprehends the requirements of Rule 11, Fed. R. Civ. P.

        In response to prior submissions, the Court has cited to Ocean Blue case law within this District that a letter to opposing counsel warning that a pleading must be withdrawn or sanctions will be pursued does not meet the requirements of the rule. See Rule 11(c)(2), Fed. R. Civ. P. ("The motion must be served under Rule 5, but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets.")

        When Rule 11 was amended in 1993, the Advisory Committee explained its intent and distinguished a "motion" from an "informal notice to the other party. . . by a . . . letter:"

> To stress the seriousness of a motion for sanctions and to define precisely the conduct claimed to violate the rule, the revision provides that the "safe harbor" period begins to run only upon service of the motion. In most cases, however, counsel should be expected to give informal notice to the

other party, whether in person or by a telephone call or letter, of a potential violation before proceeding to prepare and serve a Rule 11 motion.

Advisory Committee Notes to 1993 Amendment.

A "motion" is an application to a court for relief. The January 24, 2025 "Rule 11 Letter" or "Safe Harbor Letter" (ECF 53-1) is not a proposed motion because it is not a proposed application for relief from the court. It is a letter to opposing counsel stating Blue Ocean's intent to seek Rule 11 sanctions and "to add SFI/Klare Labs as third-party defendant," a remedy far beyond the power of a court to impose as a sanction. The fact that the 21-day safe harbor for withdrawal was expressly addressed does not convert the letter into a proposed motion. Nor does the fact that Blue Ocean also wrote to the Court seeking to file a motion to dismiss and referenced that letter in the January 24 letter to opposing counsel.

The September 5, 2025 declaration, styled as the "Declaration of Yifat V. Schnur in Support of Defendant's Rule 11 Motion for Sanctions," fares no better because it was created after no live claim remained in the action and could not provide a safe harbor. Because it is dated September 5, 2025, there can be no valid assertion that it was served on opposing counsel (but not filed or presented) before defendant Ackerman was dropped on January 31, 2025 (ECF 24), federal claims were dismissed by Opinion and Order of July 31, 2025 (ECF 39) or all remaining claims were voluntarily dismissed on August 18, 2025 (ECF 44). There are other defects in the September 5 purported motion which the Court need not recount.

The time has come for Blue Ocean to file a motion under Rule 11 or desist.[1] Blue Ocean proceeds at its peril because Rule 11(c)(2) provides that "[i]f warranted, the court may award to the prevailing party the reasonable expenses, including attorney's fees, incurred for the motion." <u>See</u> Advisory Committee Notes to 1993 Amendment ("incurred in presenting or opposing the motion."). Ocean Blue may file its motion within 14 days, FB Select may respond 30 days thereafter and Ocean Blue may reply 7 days thereafter.

SO ORDERED.

_____
P. Kevin Castel
United States District Judge

Dated: New York, New York
       October 7, 2025

---

[1] The Court has cited case law holding that section 1927 is not a work around for a would-be movant's failure to comply with the strictures of Rule 11.